

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 16, 1950

Hon. George T. Avery
County Attorney
Fannin County
Bonham, Texas

Opinion No. V-1059

Re: The salary of the
court reporter of
the 6th Judicial
District comprised
of Fannin and Lamar
Counties.

Dear Sir:

Your request for an opinion reads in part as follows:

"I have received a request for an opinion from Mr. Ferris Pirtle, Auditor of Fannin County, which request is herewith attached, in effect wanting to know if the Court Reporter for the Sixth Judicial District, which is composed of Fannin and Lamar Counties, should be paid under the provisions of Article 2326h or Article 2327a-1 of Vernon's Civil Statutes of the State of Texas, with reference to arriving at the proportion of such salary each county should pay. Lamar County also is in the 62nd Judicial District, which is composed of Lamar, Hunt, Delta and Franklin Counties.

"Therefore, I request an opinion upon the following question: 'In apportioning the salary of the official shorthand reporter for the Court of the 6th Judicial District, between Lamar and Fannin Counties, should we be governed by the provisions of Article 2326h, and let each county pay that portion of the expenses and salaries which the population of the county, according to the last preceding Federal Census, bears to the total population of both counties, or, should we be governed by the provisions of Article 2327a-1, and count only one half of Lamar County's population in arriving at that County's proportionate share of such salary?"

Article 2326h, V.C.S., provides:

"In each Judicial District in this State
in which the terms of Court do not operate on
a continuous term basis and in which there is
more than one county, the salaries and ex-
penses of the official Court reporter shall
be paid by the respective counties as provid-
ed herein. Each of the counties within such
District shall pay that portion of the ex-
penses and salaries of the official Court
reporter which the population of the county,
according to the last preceding Federal Cen-
sus, bears to the total population of the
counties comprising the Judicial District."

Article 2327a-1, V.C.S., provides:

"Where any Judicial District in this
State is composed of more than one county,
and the District Court thereof has successive
terms in either of such counties throughout
the year, without more than two (2) days in-
tervening between any of such terms, the sal-
ary of the official shorthand reporter of
such District shall be paid by the several
counties of the District, the same to be ap-
portioned among such counties in proportion
to their population according to the latest
United States decennial census; provided that
where such county is in two (2) different Ju-
dicial Districts, either one of which is com-
posed of more than one county, in calculating
such county's proportion of liability for the
salary of the official shorthand reporter in
any such District containing more than one
county, such county's population shall be
counted at one-half of its actual population
as shown by the last preceding United States
decennial census." (Emphasis added)

It is apparent from reading the above statutes
that Article 2326h is applicable to counties in Judicial
Districts which do not have continuous terms of court,
while Article 2327a-1 applies to counties in Judicial
Districts which have continuous terms in either county.
Since Lamar County is located in two Judicial Districts
it is necessary that we determine whether either county
in the 6th Judicial District has continuous terms of court.

Prior to 1947, subdivision 6 of Article 199, V. C.S., provided in part:

"6.   - Fannin and Lamar.

"Section 1.  Terms of court in and for the 6th Judicial District shall be hereafter held therein each year as follows:

"In the County of Fannin on the second Monday in January of each year and may continue in session for eleven weeks;

"In the County of Lamar on the eleventh Monday after the second Monday in January of each year and may continue in session for ten weeks;

"In the County of Fannin on the twenty-first Monday after the second Monday in January of each year and may continue in session for eight weeks;

"In the County of Lamar on the fifth Monday after the second Monday in August in each year and may continue in session six weeks;

"In the County of Fannin on the eleventh Monday after the second Monday in August of each year and may continue in session six weeks;

"In the County of Lamar on the seventeenth Monday after the second Monday in August of each year and may continue in session until the second Monday in January the following year.
. . ."

However, in House Bill 737, Acts 50th Leg., R.S. 1947, ch.112, p.175, effective April 21, 1947, the above statute was amended by adding thereto the following:

"Each term of Court in each of such counties may continue until the date herein fixed for the beginning of the next succeeding term therein."

It is thus seen that the Legislature authorized continuous terms of court for the 6th Judicial District.

We are further supported in this conclusion by the emergency clause of House Bill 737, which provides:

"Sec.5.  The fact that the dockets in the above-named counties are crowded, and the further fact that no relief can be had for this condition until continuous terms of Court are authorized, create an emergency . . ."

It is stated in Texarkana & Ft. S.Ry. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284 (1932):

"In construing statutes enacted directly by the Legislature it is the duty of the court to look to the entire act, including the caption, the body of the act, and even the emergency clause, to determine the legislative intent.  When the legislative intent is once determined it is the law."

You state in your letter also that the 6th Judicial District has been operating under continuous terms of its courts.

Since Fannin and Lamar Counties now have continuous terms of court, it is our opinion that in apportioning the salary of the official shorthand court reporter for the 6th Judicial District between such counties you are governed by the underlined provisions of Article 2327a-1.

## SUMMARY

The 6th Judicial District comprised of Fannin and Lamar Counties has continuous terms of court.  H.B. 737, Acts 50th Leg., R.S.1947, ch.112, p.175.  Texarkana & Ft.S.Ry.v.Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284 (1932).  Therefore the court reporter of such district should be paid according to the provisions of Article 2327a-1, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

Joe R. Greenhill
First Assistant

BA:mw

By Bruce Allen
Bruce Allen
Assistant